2011 UT App 439

**STATE of Utah, Plaintiff and Appellee,**

v.

**William Leroy BATES, Defendant and Appellant.**

**No. 20100797–CA.**

Court of Appeals of Utah.

Dec. 22, 2011.

Randall W. Richards, Ogden, for Appellant.

Dee Smith and Teral L. Tree, Ogden, for Appellee.

Before Judges DAVIS, VOROS, and ROTH.

DECISION

PER CURIAM.

¶ 1 William Leroy Bates appeals his conviction after a jury trial. We affirm.

¶ 2 Bates asserts that there was insufficient evidence to convict him. However, he has not preserved this claim. Generally, "claims not raised before the trial court may not be raised on appeal." *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. The preservation rule applies to every claim and operates to provide the trial court with the opportunity to address, and correct if needed, a claimed error. *See id.* Accordingly, to ensure that the trial court addresses an issue of the sufficiency of the evidence at trial, a defendant must bring the issue to the trial court's attention. *See id.* ¶ 14.

¶ 3 Bates did not raise the asserted insufficiency of the evidence issue in the trial court. Bates asserts that the issue was preserved in a motion to dismiss. However, there is nothing in the record supporting this assertion. There is not a written motion in the record, and there was no oral motion made at trial. There is no page, line, or document that

---

1. Weinstein's request to convert this appeal to an     interlocutory appeal is denied.

corresponds with his asserted record citation. A review of the record shows that this issue was not raised in the trial court and, therefore, it is not properly before this court.

¶ 4 Moreover, even if the issue was preserved, there was sufficient evidence to support the jury's verdict. A jury verdict will be reversed for insufficient evidence "only when the evidence is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt." *State v. Mead,* 2001 UT 58, ¶ 65, 27 P.3d 1115 (citation and internal quotation marks omitted). "It is the exclusive function of the jury to weigh the evidence and to determine credibility of the witnesses. So long as there is some evidence, including reasonable inferences, from which findings of all the requisite elements of the crime can be reasonably made, our inquiry stops." *Id.* ¶ 67.

¶ 5 Bates concedes that his son sustained nonaccidental injuries, but argues that there was insufficient evidence to prove that Bates inflicted the injuries. However, his son testified directly that Bates was the person who injured him. That direct testimony from the victim is sufficient evidence for the jury to find that Bates, indeed, inflicted the injuries. *See id.*

¶ 6 Affirmed.